DR. P. PHILLIPS INV. CO. v. CITY OF ORLANDO.

152 So. 867.
Opinion Filed February 5, 1934.
Petition for Rehearing Denied March 6, 1934.

*Knight, Thompson & Turner, Hugh Akerman, Claude L. Gray* and *C. O. Andrews,* for Plaintiff in Error;

*E. W. Davis* and *Waller & Pepper,* for Defendant in Error.

STATEMENT.

The judgment herein was rendered upon a declaration containing five counts, viz.: Amended third count, amended fourth count, amended fifth count, .first additional count and second additional count. The last mentioned count is as follows:

SECOND ADDITIONAL COUNT.

"That heretofore, to-wit: on or about the 13th day of May, 1926, the defendant, a municipal corporation, pursuant to a resolution of its City Council in meeting duly assembled, upon which resolution the Mayor and each and every of the City Commissioners voted affirmatively, the

defendant purchased from Dr. P. Phillips, of Orange County, Florida, for the use and benefit of said City to be used for legitimate, municipal purposes, the following described real estate situate, lying and being in Orange County, Florida, to-wit:

"The Southeast Quarter of the Northwest Quarter and the North Half of the Southwest Quarter and the Southwest Quarter of the Southwest Quarter in Section Twenty-nine, Township Twenty-two, South of Range Thirty, East, containing 160 acres, more or less, all lying and being in Orange County, Florida, and outside the City limits of Orlando, Florida, and to evidence the purchase price thereof, made, executed and delivered to the plaintiff its promissory note in writing, dated that date, in the principal sum of $200,000.00, payable to the plaintiff twenty years after date, and bearing interest from date at the rate of six per cent. per annum, payable annually in advance, said note being signed by the duly elected and qualified Mayor of the defendant who was duly authorized to act in the premises, under the seal of the municipality, and attested by its City Clerk; and contemporaneously with the execution and delivery of said note said Dr. P. Phillips, joined by his wife, executed and delivered a warranty deed to said property to said municipality, and said municipality to secure the payment of said promissory note aforesaid executed and delivered to the plaintiff its mortgage deed covering said property, said note and mortgage having been made in favor of plaintiff at the request of said Dr. P. Phillips, plaintiff being a holding corporation in which said Phillips was largely interested and a stockholder and director thereof, and plaintiff is now the holder and owner of said note and mortgage, true and correct copies of said deed, promissory note and mortgage being hereto attached, marked 'Exhibit A,' 'Exhibit B' and Exhibit C,' respectively, and made a

part hereof; that in making said purchase, the officials of said defendant acted under .the provisions of Chapter 10973 of Special Acts of the Legislature of the State of Florida for the year 1925, and did not submit said proposed purchase to a referendum of the qualified electors owning real estate in said City as required by the provisions of Chapter 9864 of the Special Acts of said Legislature for 1923, said officials at that time having construed said Chapter 10973 as repealing said Chapter 9864 of the Special Acts of 1923; and plaintiff further avers that the City Council and the various governing bodies and officials of said City of Orlando, including City Solicitors, in the discharge of their official duties up until the month of May, A. D. 1932, so construed said Acts, not only as to the contract of purchase sued on herein, but has at all times placed the same construction on said Acts in making various and sundry purchases by said City of Orlando of real estate located in Orange County, without submitting such purchases to a referendum of the qualified electors owning real estate in said City, as required by the provisions of Chapter 9864 of the Special Acts of said Legislature of 1923, among which purchases are included:

"A certain lot adjoining the Main Street Fire Station in Orlando, purchased from one W. C. Rives for a purchase price of $67,000.00 on or about February 13, 1926; also a part of Lot 10 of Fair Oaks and Ivanhoe Subdivision, from North Orange Avenue Properties, Inc., for a purchase price of $33,060.01, on or about March 30, 1927; also that certain tract of land described as the E½ of SW¼ and W½ of SE¼ of Section 14, Township 22 S. Range 28, containing approximately One Hundred Sixty (160) Acres, from one V. P. Simmons, for a purchase price of $32,000.00. on or about the 12th day of May, A. D. 1926; also a certain parcel of land known as the 'Sink Hole' property,

from W. P. Gwynne and wife, for a purchase price of $25,000.00, on or about January 27, 1927, and such construction of said Acts has been and was acquiesced in by all parties concerned for a period of approximately six years after said purchase, and the said defendant paid each and every installment of interest due on account of said note and mortgage up until May 13, A. D. 1932, and that by reason of such construction of said Acts certain rights, titles and other benefits have accrued both to the plaintiff and defendant which would be divested should any other construction be placed upon the same, in that there has been the execution and delivery of said warranty deed by Dr. Phillips and wife, to the defendant, and of said note and mortgage of said defendant to the plaintiff, as aforesaid, also immediately after said purchase as aforesaid, said defendant went into actual possession of all of said property, had it exempted from taxation, cut down a large, valuable citrus grove growing thereon, razed valuable buildings which the plaintiff had erected thereon, built thereon a city incinerator, stockade, airport and hangar, and began using a large spring-fed lake on said property as a source of water supply for said City; and ever since taking possession as aforesaid, the defendant has used and is now using said property for such purposes, and has received, and now enjoys, the use and benefits of said property so conveyed to it by warranty deed as aforesaid, executed and delivered in reliance upon and upon the faith of the promise of performance by said City of Orlando of its obligation as evidenced by the note and mortgage made payable to the plaintiff as aforesaid; that since the date of said purchase the various Mayors, City Solicitors and governing bodies of said municipality have been fully aware at all times of all the pertinent facts and circumstance surrounding said contract and purchase, and with full knowl-

edge of same continued to use said property for legitimate, municipal purposes, and to pay all installments of interest due on said indebtedness until the installment of interest in the sum of $12,000.00, on account of said purchase price, covering the period from May 13, A. D. 1932, to May 13, A. D. 1933, became due, but when the plaintiff made demand upon the governing body of said City to pay or cause said installment of interest to be paid, the said Mayor and governing body failed and refused to pay the same, or any part thereof, and the same is now past due and unpaid, after such demand; that it is impossible that the parties to said contract of purchase he placed in *statu quo* by returning the property so conveyed, and under the principle of common honesty, the defendant is liable to the plaintiff under the terms of the contract of purchase for the agreed compensation.

"Plaintiff in and by this action is suing only for that installment of interest which became due on the 13th day of May, A. D. 1932, for the period above named, and does not by this suit waive any right which it might have to bring suit on all future installments of interest or upon the principal as the same shall become due and payable, and further reserves any and all rights or remedies it has or may have to bring any further or other proceedings at law or in equity necessary to protect its interest or right in and about said contract, mortgage or note.

"WHEREFORE, plaintiff brings suit and claims damages in the sum of $20,000.00."

To each count of the declaration the defendant interposed a demurrer on grounds:

"1.   It does not appear in and by said Count that the said property alleged to have been purchased was necessary for a legitimate, legal, municipal purpose.

"2. It appears in and by the said Count that the property alleged to have been purchased was situated beyond the territorial limits of the City of Orlando, and no facts are shown giving the City of Orlando power or authority to purchase same.

"3. It appears on the face of said Count that the said property was purchased for an illegal and improper purpose.

"4. Because it appears by the said Count that the actions of the Mayor and Commissioners of said defendant City were *ultra vires*.

"5. Said Count shows on its face that said purchase was in the amount of $200,000.00, and that the purchase was made pursuant to resolution of the Mayor and Commissioners of City of Orlando, and consequently that the said transaction was in violation of the law requiring the submission to the freeholders of the City of Orlando any purchase of real property above the amount of $10,000.00.

"6. The principle of estoppel does not operate against a municipality.

"7. Mere acquiescence cannot constitute a ratification in lieu of submission to the qualified freeholders as required by law.

"8. Because the doctrine of common honesty may not be invoked for the first time at the termination of a transaction, when not being used to any appreciable extent in the inception.

On writ of error taken by the plaintiff to a judgment rendered for the defendant on the demurrer, such judgment is assigned as error.

WHITFIELD, J.—This writ of error was taken to judgment for the defendant upon demurrer, in an action to recover the annual interest payment due May 13, 1932, on

a note executed by the city May 13, 1926, to pay for lands purchased by the city from the plaintiff.

It is alleged that:

"On or about the 13th day of May, A. D. 1926, the defendant, a municipal corporation, by and through its duly elected Mayor and Commissioners, pursuant to a special meeting and resolution thereat, of the governing body of said city, upon which resolution the mayor and each and every of said City Commissioners voted affirmatively on the proposition, contracted to purchase and did purchase of Dr. P. Phillips, of Orange County, Florida, for the use and benefit of said city and for legitimate, legal, municipal purposes * * * described real property" for which a note for $200,000.00 was given payable in twenty years.

On demurrer the court rendered the following orders:

"This cause coming on this day to be heard on demurrer of the defendant to the amended third count, amended fourth count, amended fifth count, and the first and second additional counts of the plaintiff's amended declaration heretofore filed, and after argument of counsel and due consideration by the court, the court is of the opinion that Chapter 10973 of the Special Acts of the Legislature of the State of Florida for the year 1925, did not repeal Chapter 9864 of the Special Acts of the Legislature of the State of Florida for the year 1923; that at the time of the alleged purchase described in the declaration, the City of Orlando could not make a valid purchase of real estate, the value of which was in excess of ten thousand dollars ($10,000.00) without first submitting to the qualified electors owning real estate in said city at an election called for that purpose, the question of ratification or rejection of said proposed purchase, and that, therefore, the contract sued upon as set forth in the several counts of said amended declaration was *ultra vires* and void.

"IT IS, THEREFORE, CONSIDERED, ORDERED AND ADJUDGED that said demurrer be and the same is hereby sustained as to each and every of said amended counts and additional counts, to which ruling the plaintiff is allowed an exception. The plaintiff is allowed twenty (20) days in which to plead further as it may be advised."

"This cause coming on this day to be further heard upon the demurrer of the defendant to the amended declaration, and each and every count thereof, filed herein on the 9th day of March, 1933, and the plaintiff announcing that it did not care to plead further, it was thereupon,

"ORDERED, ADJUDGED AND DECREED that said demurrer to said counts of said declaration is hereby sustained.

"It is further Ordered, Adjudged and Decreed that the plaintiff take nothing by its suit and that the defendant go hence without day, and the action be and is hereby dismissed."

The two statutes referred to are as follows:

"CHAPTER 9864, ACTS OF 1923.

"AN ACT Requiring the Submission to a Vote of the Qualified Electors Owning Real Estate in the City of Orlando, Florida, any Purchase or Sale of Real Property by said City of a Value of More Than $10,000.00.

"BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF FLORIDA:

"Section 1. That whenever the City Council or other governing body of the City of Orlando, Florida, desires to purchase or sell any real property in said City of a value in excess of $10,000.00 that before consummating any such purchase or sale they shall first submit to the qualified electors owning real estate in said City, at an election to be called for that purpose, the question of the ratification or rejection of said proposed purchase or sale.

"Section 2. That all laws and parts of laws in conflict with the provisions herein be and the same are hereby repealed.

"Section 3. This Act shall take effect immediately upon its passage and approval by the Governor or upon its becoming a law without the Governor's approval.

"Became a law without the approval of the Governor."

"CHAPTER 10973, ACTS OF 1925.

"AN ACT Requiring the Submission to a Vote of the Qualified Electors Owning Real Estate in the City of Orlando, Florida, Any Purchase or Sale of Real Property Not Approved by the Unanimous Vote of the Council and Mayor of said City.

"BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF FLORIDA:

"Section 1. That whenever the City Council or other governing body of the City of Orlando desires to purchase or sell any real property of said city the said purchase or sale shall be only upon the unanimous affirmative vote of the mayor and all members of the said city council or other governing body. If any proposal for purchase or sale of property shall receive the affirmative vote of a majority of the city council, but not the unanimous vote as herein provided, then it shall be the duty of the mayor to immediately call an election of the qualified electors of said city owning real estate in said city to determine by a majority vote the said proposed purchase or sale.

"Section 2. That all laws or parts of laws in conflict with the provisions herein be and the same are hereby repealed.

"Section 3. This law shall take effect immediately upon its passage and approval by the Governor, or upon its becoming a law without the Governor's approval.

"Approved May 19, 1925."

Chapter 10973, Acts of 1925, does not expressly repeal Chapter 9864, Acts of 1923, but it does expressly repeal all laws or parts of laws in conflict with its provisions; and provisions of the former Act are in conflict with those of the later Act.

The later Act by its terms repeals the former Act insofar as the provisions of the two Acts are in conflict.

The matter to be determined is whether and to what extent the provisions of Chapter 9864, Acts of 1923, are in conflict with the provisions of Chapter 10973, Acts of 1925.

It is obvious that the two Acts relate to the same subject, *viz.*: the prerequisites to be observed by the city council or other governing body of the City of Orlando, Florida, when they desire to purchase or sell any real property for the city.

The Act of 1923 affects only a purchase or sale of real property for the city "of a value in excess of $10,000.00," and requires that such purchase or sale shall be ratified by the qualified electors owning real estate in said city. The Act of 1925 provides that a purchase or sale of real estate may be made by the city council or other governing body of the City of Orlando, "only upon the unanimous affirmative vote of the Mayor and all members of the said city council or other governing body." But if the proposal for purchase or sale of property shall receive the affirmative vote of a majority of the city council, but not the unanimous vote as provided, then the proposed purchase or sale is to be determined by a majority vote of the qualified electors of the city owning real estate in said city.

Clearly the dominant provisions of the two Acts relate to the same subject, and the provisions of the former Act are inconsistent with the provisions of the later Act. Such

conflict by the terms of the later Act operates to repeal the former Act to the extent of the conflict.

Nothing in the later Act indicates an intent to continue in force the provision of the former Act that proposed purchases or sales of any real property for the city "of a value in excess of $10,000.00" shall be ratified by the qualified electors of the city owning real estate therein.

The provisions of Chapter 10973, Acts of 1925, cover the entire subject of the manner in which any purchase or sale of real estate for the City of Orlando shall be authorized; and such provisions do not require the approving vote of the qualified electors of the city except where the proposal for purchase or sale of property for the city shall not receive the unanimous affirmative vote of the mayor and all members of the city council or other governing body of the city.

Such provisions of Chapter 10973 being in conflict with the provisions of Chapter 9864, Acts of 1923, on the same subject, the conflicting provisions of the former Act are, by the terms of the later Act, repealed. It is immaterial whether Chapter 10973 is a revision or an amendment of Chapter 9864; the later Act expressly repeals the provisions of Chapter 9864 insofar as they are in conflict with Chapter 10973.

The declaration alleges and the demurrer admits that a resolution was adopted for the purchase of the property by the governing body of the City of Orlando, "upon which resolution the Mayor and each and every of the City Commissioners voted affirmatively on the proposition," therefore, the statute does not require the purchase to be approved by the qualified electors of the city, and the demurrer should have been overruled.

Reversed.

Davis, C. J., and Ellis, Terrell, Brown and Buford, J. J., concur.